UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA, ex rel CLE ENGINEERING, INC. and CLE ENGINEERING INC.**

**VS.**

**NEWBORN CONSTRUCTION, INC. and ARCH INSURANCE COMPANY**

**CA 07 128ML**

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL STATE LAW CLAIMS BROUGHT HEREIN.**

# COMPLAINT

## Parties

1. Plaintiff CLE Engineering, Inc.,(hereinafter "CLE") is a Massachusetts corporation in the business of providing licensed civil engineering services and specializing in marine related engineering.

2. Defendant Newborn Construction, Inc.(hereinafter "Newborn") is a New York corporation contracted by the United States Army Corps of Engineers to dredge the Harbor of Refuge at Point Judith, Rhode Island under Contract No. W912WJ-07-C-9991.

3. Defendant Arch Insurance Company (hereinafter "Arch") is the surety whose bond was filed with the United States Army Corps of Engineers to guarantee the obligations of Defendant.

## Jurisdiction and Venue

4. This action is brought by CLE in the name of the United States of America pursuant to the provisions of 40 U.S.C. § 3133 (Miller Act) which provides for jurisdiction and venue in this court.

5. CLE also brings its state law claims against Newborn for fraud in the inducement of contract under the court's pendant jurisdiction, for breach of contract against both Defendants and for breach of the covenant of good faith and fair dealing against both Defendants

**Facts and Background**

6. On or about December 5, 2006 CLE was sub-contracted to provide contractor dredging support services to Newborn. Such services were in the form of engineering, surveying and technical support.

7. CLE has performed services under the provisions of such sub-contract totaling $66,850.92 of which $24,092 remains invoiced and unpaid.

8. On or about March 5, 2007 CLE filed its perfected claim for payment with Arch including extensive documentary attachments.

9. To date Arch has not recognized its obligation to pay the defaulted obligation of Newborn to pay CLE.

10. On May 19, 2006, long before CLE was contracted for the Point Judith quality control work, the CEO and Chairman of Newborn was the subject of a superseding indictment in connection with defrauding of a county and local government on Long Island, New York through a bid rigging and money laundering scheme. The indictment also alleged grounds for civil forfeiture against the CEO and Chairman, James K Haney a/k/a "Jimmy", a paving company controlled by him and other defendants. The indictment was handed up by the Grand Jury sitting in the in the United States District Court, Eastern District of New York.

11. At no time was the pendency of this indictment disclosed to CLE.

12. On February 5, 2007, James K. Haney entered his guilty plea to two counts of conspiracy to commit mail fraud.

13. At no time was entry of this plea disclosed to CLE.

14. On January 5, 2007 the Court entered its forfeiture order against James K. Haney and the other Defendants as jointly and severally liable for the amount of $1,000,000.00.

15. At no time was the entry of this order disclosed to CLE by Defendants.

16. James K. Haney is currently awaiting sentencing which likely will include an order of restitution.

**Statement of Claims**

**Count One**

**(Miller Act claim brought by United States of America, ex rel CLE Engineering, Inc. against both Defendants)**

17. Plaintiff herewith incorporates the averments contained in ¶¶ 1-16 herein by reference.

18. Plaintiff did validly and fully perform work for the benefit of Newborn for which it has not been fully paid.

19. Newborn, therefore, is indebted to CLE.

20. Said work was performed under a sub-contract with a primary contractor of the United States of America.

21. As part of the requirements for said primary contract Newborn posted a payment bond through its surety Arch.

22. Pursuant to law, CLE is a third party beneficiary of such bond.

23 Arch has failed to honor its obligations under such bond.

24. CLE is entitled to relief under the provisions of 40 U.S.C. § 3133.

**Count Two**

**(Fraud in the Inducement of Contract-
brought by CLE in its own name against Newborn)**

25. Plaintiff herewith incorporates the averments contained in ¶¶ 1-16 herein by reference.

26. Plaintiff did validly and fully perform work for the benefit of Newborn for which it has not been fully paid.

27. Newborn, therefore, is indebted to CLE.

28. Said work was performed under a sub-contract with a primary contractor of the United States of America.

29. At the time Newborn sub-contracted with CLE it knew or should have known about imminent financial distress caused or to be caused by the indictment of its principal officer and sister company and by the resultant plea entered by its principal officer.

30. At no time did Newborn disclose any facts to CLE which would have caused it to conclude that Newborn was on the brink of financial distress.

31. Failure to disclose these facts constitutes is an omission of material fact and constitutes fraud in the inducement of the sub-contract between Newborn and CLE.

32. By such conduct CLE was harmed and is entitled to damages including punitive damages, costs and reasonable attorneys' fees.

**Count Three**

**(Breach of Contract-
brought by CLE in its own name against both Defendants)**

33. Plaintiff herewith incorporates the averments contained in ¶¶ 1-16 herein by reference.

34. Plaintiff did validly and fully perform work for the benefit of Newborn for which it has not been fully paid.

35. Newborn, therefore, is indebted to CLE.

36. Said work was performed under a sub-contract with a primary contractor of the United States of America.

37. As part of the requirements for said primary contract Newborn posted a payment bond through its surety Arch.

38. Pursuant to law, CLE is a third party beneficiary of such bond.

39. Arch has failed to honor its obligations under such bond.

40. Such conduct on the part of both Defendants constitutes breach of the sub-contract between CLE and Newborn and the surety contract between Newborn and Arch of which CLE is third party beneficiary.

41. CLE is entitled to its damages thereby.

**Count Four**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing- brought by CLE in its own name against both Defendants)**

42. Plaintiff herewith incorporates the averments contained in ¶¶ 1-16 herein by reference.

43. Plaintiff did validly and fully perform work for the benefit of Newborn for which it has not been fully paid.

44. Newborn, therefore, is indebted to CLE.

45. Said work was performed under a sub-contract with a primary contractor of the United States of America.

46. As part of the requirements for said primary contract Newborn posted a payment bond through its surety Arch.

47. Pursuant to law, CLE is a third party beneficiary of such bond.

48. Arch has failed to honor its obligations under such bond.

49. Such conduct on the part of both Defendants constitutes breach of the sub-contract between CLE and Newborn and the surety contract between Newborn and Arch of which CLE is third party beneficiary.

50. Such conduct on the part of both Defendants constitutes breach of the implied covenant of good faith and fair dealing contained sub-contract between CLE and Newborn and the surety contract between Newborn and Arch of which CLE is third party beneficiary.

51. CLE is entitled to its punitive and multiple damages thereby together with fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendants, including but not limited to compensatory and punitive damages, attorneys' fees and costs.

PLAINTIFFS.
By their attorneys,

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 28, 2006

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 28, 2006

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL STATE LAW CLAIMS BROUGHT HEREIN.**